UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CHRISTOPHER S. KIRCHNER,**<br><br>    **Defendant,**<br><br>    -and-<br><br>**KFIM LLC,**<br><br>    **Relief Defendant.** | No.: 4:23-CV-0147-P |

## JOINT SCHEDULING REPORT

Pursuant to the Court's Order dated February 16, 2023 (Dkt. No. 11) (the "Order"), Plaintiff Securities and Exchange Commission ("SEC") and Defendant Christopher S. Kirchner ("Kirchner" or "Defendant") and Relief Defendant KFIM LLC ("KFIM" or "Relief Defendant") have conferred regarding the subjects set forth in Parts I and II of the Order and respectfully submit the following Report Regarding Contents of Scheduling Order ("Joint Scheduling Report"):

  **1. Scheduling Conference:**

Pursuant to the Order, counsel for the parties conducted a scheduling conference on March 15, 2023. As Plaintiff previewed in its Notice to the Court on March 1, 2023 (Dkt. No. 13), local counsel for Plaintiff appeared in person at the scheduling conference, and Plaintiff's counsel located in New York appeared via videoconference. On behalf of Plaintiff, attorneys Todd D. Brody, Mary Kay Dunning, and Jason Rose appeared. On behalf of Kirchner and

KFIM, attorneys Toby Galloway and Jamie Lacy appeared. The parties held an initial discussion about a possible settlement but no settlement was reached.

**2. A brief statement of the claims and defenses:**

    a. <u>Plaintiff</u>: The SEC alleges that Defendant Kirchner, the former Chief Executive Officer of Slync, Inc. (the "Company"), violated certain anti-fraud provisions of the federal securities laws. Specifically, the SEC alleges that, from approximately January 2020 through May 2021, Defendant raised approximately $67 million for the Company in connection with two rounds of capital fundraising (the "Capital Raises") through a series of materially false or misleading statements and that Defendant misappropriated a total of more than $28 million of the $67 million of investor funds raised in connection with the Capital Raises for his personal use, in violation of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934. Defendant's material misrepresentations concerned, among other things, the Company's revenue figures, the number and nature of the Company's customer contracts, and the planned use of investor proceeds.

    b. <u>Defendants</u>: Counsel for Defendant and Relief Defendant was only recently retained on Monday, March 13, 2023.[1] Therefore, counsel has not had adequate time to assess all defenses that may exist. Further, given that there is a parallel criminal case, *United States v. Christopher Kirchner*, Case No. 4:23-MJ-121 (N.D. Tex.), Defendant wishes to preserve his privilege afforded by the Fifth Amendment to the United States Constitution at least until his

---

[1] Defendant and Relief Defendant waived service of process, and their answer dates are May 12, 2023.

answer is due in this case.

3. **A proposed time limit to amend pleadings and to join parties:**

The parties propose that the deadline by which to amend pleadings and to join new parties be set as June 16, 2023, unless Defendant moves to dismiss the Complaint, in which case the parties propose the deadline be set as twenty-one (21) days after any such motion is decided by the Court.

4. **A proposed time limit to file various types of motions, including dispositive motions:**

There are no pending motions at this time. The parties propose that the deadline for the parties to file dispositive motions be set as February 16, 2024.

The parties further propose that the deadline to file motions *in limine* (except those to limit the testimony of any expert) be set as March 29, 2024.

Defendant Kirchner and Relief Defendant KFIM may file a motion to stay this proceeding on or before December 31, 2023.

5. **A proposed time limit for initial designation of experts and responsive designation of experts:**

The parties propose that the initial designation of experts, together with the expert disclosure materials required by the Federal Rules of Evidence and the Federal Rules of Civil Procedure ("FRCP" or the "Rules"), be made on or before September 29, 2023.

The parties propose that responsive expert designations be made thirty (30) days after the disclosure of initial experts by another party.

6. **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions):**

The parties propose that objections to any expert witness designation, including any

motion to strike an expert on qualification grounds, be filed on or before April 12, 2024.

7. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases:**

Discovery is needed into the facts and circumstances concerning the Capital Raises, including, but not limited to, concerning Defendant's communications with investors and the use of investor proceeds in connection with same. Expert discovery may be needed on one or more issues.

The parties agree to bear the costs of their own experts' fees and not seek payment for their own experts' fees from an opposing party under FRCP 26(b)(4)(E). Each party agrees to pay its own expert(s) for their time responding to the other party's discovery requests, including depositions.

The parties agree that discovery should be conducted in two phases, (i) fact discovery and (ii) expert discovery, with deadlines as follows:

    a. <u>Completion of fact discovery</u>: September 29, 2023

    b. <u>Completion of expert discovery</u>: December 15, 2023

    c. <u>Completion of all discovery</u>: December 15, 2023

8. **A statement on whether any limitations on discovery need to be imposed, and if so, what limitations:**

The parties agree that any limitations on discovery beyond those imposed by the FRCP do not appear necessary at this time, but respectively reserve the right to request additional limitations be imposed to the extent necessary in the future.

9. **A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes regarding disclosure and/or discovery of ESI:**

The parties mutually agree and acknowledge their respective obligations to preserve

documents, including ESI, which are likely to be relevant to this matter. The parties agree that electronic files will be produced in their native format. Further, documents produced to Plaintiff during its pre-Complaint investigation of Defendant and Relief Defendant will be produced in the same format as the producing party originally produced them. ESI productions will be made through industry standard load files including a data file and an image cross reference file, as well as any images, native files and searchable text that may be available. To the extent possible, the parties will produce ESI through secure file transfer via the Accellion/Kiteworks platform. In the event of large volume data sets, the parties agree ESI productions will instead be delivered on encrypted media and shipped via UPS or Federal Express. Metadata for electronic documents should be extracted and provided with all ESI productions and include the following fields:

- FIRSTBATES
- LASTBATES
- ATTACHRANGE
- BEGATTACH
- ENDATTACH
- PARENT_BATES
- CHILD_BATES
- CUSTODIAN
- FROM
- TO
- CC
- BCC
- SUBJECT
- FILE_NAME
- DATE_SENT
- TIME_SENT/ TIME_ZONE
- TIME ZONE
- LINK
- MIME_TYPE
- FILE_EXTGEN
- AUTHOR
- LAST_AUTHOR
- FILE_EXTEN
- DATE_CREATED
- TIME_CREATED/ TIME_ZONE
- DATE_MOD
- TIME_MOD/ TIME_ZONE
- DATE_ACCESSD
- TIME_ACCESD/ TIME_ZONE
- FILE_SIZE
- PGCOUNT
- PATH
- INTFILEPATH
- INTMSGID
- HEADER
- OCRPATH
- SHA256 or MD5HASH

At this time, neither party anticipates any dispute concerning the discovery and production of ESI.

**10. Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order:**

At this time, the parties do not believe that there are any issues concerning the handling and protection of privileged or trial-preparation material that should be reflected in an order of

5

the Court.

**11. A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded:**

The parties request a trial date on or after May 6, 2024. The parties currently estimate eight days for trial. A jury has been demanded.

**12. A proposed mediation deadline:**

The parties agree that mediation should be conducted by a mutually agreeable and jointly selected mediator, and that mediation should occur after completion of discovery. The parties propose that they be permitted to conduct a mediation on or before January 26, 2024.

**13. A statement as to when and how disclosures under Fed. R. Civ. P. 26(a)(1) were made or will be made:**

The parties agree to exchange the disclosures required by Rule 26(a)(1) on or before May 26, 2023, and further agree to make reasonable efforts to coordinate with each other on scheduling to the extent either party requests, at least one week in advance of that deadline, a reasonable extension of time to make such disclosures.

**14. A statement as to whether the parties will consent to a trial (jury or bench) before United States Magistrate Judges Cureton or Ray:**

The parties respectfully do not consent to trial before a United States Magistrate Judge.

**15. Whether a conference with the Court is desired, and if so, a brief explanation why:**

Neither party is requesting a conference with the Court at this time.

**16. Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and other orders that the Court should enter under Fed. R. Civ. P. 16(b), 16(c), and 26(c):**

The parties anticipate moving for a protective order pursuant to Rule 26(c) that would govern, among other things, the production of materials that contain personally identifiable information and/or confidential, sensitive financial information that is not publicly available. The

parties reserve the right to request additional orders under Rules 16(b), 16(c), or 26(c) in the future.

Dated:   March 16, 2023

                                        Respectfully submitted,

*/s/ Mary Kay Dunning*
Mary Kay Dunning (*pro hac vice*)
New York Bar No. 4293262
Todd D. Brody (*pro hac vice*)
New York Bar No. 2694495
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004-2616
(212) 336-5039 (Dunning); (212) 336-0080 (Brody)
DunningM@sec.gov; BrodyT@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*


*/s/ Toby M. Galloway*
Toby M. Galloway
State Bar No. 00790733
tgalloway@winstead.com
Matthias Kleinsasser
State Bar No. 24071357
mkleinsasser@winstead.com
Jamie M. Lacy
State Bar No. 24099874
jlacy@winstead.com
Winstead PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
Tel: 817-420-8200
Fax: 817-420-8201

*Counsel for Defendant Christopher S. Kirchner and Relief Defendant KFIM LLC.*

## CERTIFICATE OF SERVICE

    I certify that on March 16, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Northern District of Texas, Fort Worth Division, using the electronic case filing system of the court.

                                                      */s/ Todd D. Brody*
                                                      Todd D. Brody